# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 19-20850
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROGELIO RIVERA BENITO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-176-3

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

A jury found Rogelio Rivera Benito guilty of one count of conspiring to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. Benito challenges the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sufficiency of the evidence supporting his conviction and the district court's admission of certain Government exhibits. We reject both arguments and affirm.

We start with Benito's evidentiary sufficiency claim, which he preserved by timely moving for a judgment of acquittal. *See* Fed. R. Crim. P. 29. We examine "the record to determine whether, considering the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). For a drug conspiracy, those essential elements are: (1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy. *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008).

The record was replete with evidence establishing the elements of the drug conspiracy charge. Benito made several phone calls with his Mexico-based methamphetamine supplier. Benito called his supplier to report that law enforcement agents had seized the proceeds of a drug sale of approximately one kilogram of methamphetamine from him. Benito also received a shipment of 25 kilograms of methamphetamine from his supplier, and Benito agreed to pay his supplier for that shipment. Benito also had phone conversations with his co-defendant, Genaro Pavon Pena, in which Benito agreed to cook multiple kilograms of methamphetamine, deliver the methamphetamine according to Pena's instructions, and receive money for the drugs, which Benito then shared with Pena. Viewing this evidence and all reasonable inferences in the light most favorable to the prosecution, the evidence was more than sufficient to permit the jury to convict Benito.

No. 19-20850

Benito next argues that the district court erred in admitting certain Government exhibits, specifically aerial and ground surveillance photographs and a laboratory report. Because Benito preserved his objection to the admissibility of these exhibits, we review the district court's evidentiary ruling for abuse of discretion. *United States v. Portillo*, 969 F.3d 144, 168 (5th Cir. 2020). Any error in admitting evidence is subject to our harmless error review. *United States v. Ibarra*, 493 F.3d 526, 532 (5th Cir. 2007).

Benito claims that he was prejudiced by the prosecution's late disclosure of these exhibits. Benito objected to admission of these exhibits before trial; the district court admitted the exhibits but held a hearing before any of these exhibits were presented to the jury. At the hearing, the district court determined that the defense had not identified sufficient prejudice resulting from the prosecution's untimely production or designation of evidence. The district court did not abuse its discretion in admitting these exhibits. And even if it did, that error was harmless in light of the strength of the rest of the evidence supporting conviction.

Accordingly, we AFFIRM.